**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4025**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODRIGO BUSTAMANTE-MARTINEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:15-cr-00103-FL-1)

Submitted: August 14, 2017                      Decided: September 26, 2017

Before MOTZ, TRAXLER, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Rodrigo Bustamante-Martinez of unlawfully possessing a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A), 924(a)(2) (2012). On appeal, Bustamante-Martinez appeals the district court's pretrial order adopting the magistrate judge's recommendation and denying his motion to suppress. Finding no error, we affirm.

In reviewing a district court's "denial of a motion to suppress, we review the district court's legal determinations *de novo* and its factual conclusions for clear error." *United States v. Shrader*, 675 F.3d 300, 306 (4th Cir. 2012). "Because the district court denied the defendant's motion, we construe the evidence in the light most favorable to the government." *Id.* The Fourth Amendment protects citizens against unreasonable searches and seizures. U.S. Const. amend. IV. "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." *Kentucky v. King*, 563 U.S. 452, 459 (2011) (internal quotation marks omitted).

"Under the emergency aid exception, . . . officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Id.* at 460 (internal quotation marks omitted). Such a search will be found reasonable "as long as the circumstances, viewed *objectively*, justify the action." *Brigham City v. Stuart*, 547 U.S. 398, 404 (2006) (alteration and internal quotation marks omitted). "Officers do not need ironclad proof of a likely serious, life-threatening injury to invoke the emergency aid exception." *Michigan v. Fisher*, 558 U.S. 45, 49 (2009) (per curiam) (internal quotation marks omitted). "The role of a peace officer includes

2

preventing violence and restoring order, not simply rendering first aid to casualties; an officer is not like a boxing (or hockey) referee, poised to stop a bout only if it becomes too one-sided." *Brigham City*, 547 U.S. at 406. In determining whether an exigency justifies a warrantless search, regardless of the type of exigency, we consider:

> (1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) the officers' reasonable belief that the contraband is about to be removed or destroyed; (3) the possibility of danger to police guarding the site; (4) information indicating the possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband.

*United States v. Yengel*, 711 F.3d 392, 397 (4th Cir. 2013).

We conclude that the district court correctly applied the emergency aid exception in this case. Bustamante-Martinez's daughter called 911 to report that he had been drinking, that he possessed a firearm, and that there had been an altercation. Upon arriving at the scene, officers learned that Bustamante-Martinez had assaulted his wife, threatened to kill himself, and locked himself in a bedroom. Officers further observed Bustamante-Martinez looking out of the bedroom window with a rifle in hand. Officers had earlier responded to the same residence because neighbors complained that Bustamante-Martinez was firing a gun, and the officers personally observed him to be intoxicated. The officers evacuated Bustamante-Martinez's family while they attempted to diffuse the situation. *Cf id.* at 399 ("[T]he fact that no officers on the scene sought to evacuate the nearby residences, or, in particular, to evacuate Mrs. Yengel's young son who was sleeping in the room *directly next to the alleged grenade* provides stark evidence that a reasonable police officer would not—and did not—believe an emergency

3

was on-going, such as would justify a warrantless entry."). Bustamante-Martinez refused to answer the officers' phone calls when they attempted to contact him, behavior that becomes more concerning considering that he had reportedly threatened to kill himself. Based on the totality of the circumstances, we conclude that the officers acted reasonably, and thus the district court correctly applied the emergency aid exception.[*]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

---

[*] Although we conclude that the district court correctly applied the emergency aid exception, we further discern no error in the district court's alternative ruling that Bustamante-Martinez's daughter gave implied consent for the officers to enter the residence. *See United States v. Hylton*, 349 F.3d 781, 786-87 (4th Cir. 2003).